# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FARIDA BARIK,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Civ. No.: 18-9287<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.:

This matter comes before the Court on Plaintiff Farida Barik's ("Plaintiff") appeal of a decision by Defendant Commissioner of Social Security ("Defendant") ruling her not disabled. Plaintiff's brief makes clear that the issue presented for review is whether substantial evidence supports the Administrative Law Judge's ("ALJ") "ruling that Plaintiff had the ability to communicate in English." Pl. Br. at 1, ECF No. 15. For the reasons set forth below, the appeal is **DENIED**.

## I. BACKGROUND

The facts relevant to this appeal are relatively narrow. Plaintiff filed for disability benefits on August 14, 2013, alleging an onset date of November 30, 2012. Admin. Rec. ("AR") at 154, ECF No. 11. After receiving an unfavorable decision on her initial application and request for reconsideration, Plaintiff requested a hearing before an ALJ. AR at 73-85, 96. The ALJ found that despite severe impairments, Plaintiff was not disabled. AR at 19-32. The Appeals Counsel found no reason to review the ALJ decision, making the ALJ's decision the final appealable order. AR at 1-7.

In finding no disability, the ALJ ruled that Plaintiff was "able to communicate in English." AR at 27. Plaintiff argues that ruling was not supported by substantial evidence and instead, "[t]here is substantial evidence in the file that Plaintiff was unable to speak or understand English and prefers to communicate in Bengali." Pl. Br. at 5. Thus, Plaintiff argues, she was disabled by definition on her forty-fifth birthday under the Social Security Administration's ("SSA") medical-vocational guidelines. *Id.*

## II. DISCUSSION

### A. Five-Step Sequential Analysis

The SSA has established a five-step evaluation process for determining whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. In the first step, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. *Id.* §§ 404.1520(b), 416.920(b). If not, the Commissioner

1

moves to step two to determine if the claimant's alleged impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, the Commissioner inquires in step three as to whether the impairment meets or equals the criteria of any impairment found in the Listing of Impairments. *Id.* Part 404, Subpart P, Appendix 1, Part A. If so, the claimant is automatically eligible to receive benefits (and the analysis ends); if not, the Commissioner moves on to step four. *Id.* §§ 404.1520(d), 416.920(d). In the fourth step, the Commissioner decides whether, despite any severe impairment, the claimant retains the Residual Functional Capacity ("RFC") to perform past relevant work. *Id.* §§ 404.1520(e)-(f), 416.920(e)-(f). The claimant bears the burden of proof at each of these first four steps. At step five, the burden shifts to the Social Security Administration to demonstrate that the claimant is capable of performing other jobs that exist in significant numbers in the national economy in light of the claimant's age, education, work experience, and RFC. *Id.* §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-92 (3d Cir. 2007) (citations omitted).

### B.  Standard of Review

The Court has plenary review of legal issues. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) (cleaned up). Findings of fact, on the other hand, will be affirmed if "there is substantial evidence to support such findings." 42 U.S.C. §§ 405(g) & 1383(c). Courts are not permitted to re-weigh the evidence or impose their own factual determinations. *Chandler*, 667 F.3d at 359 (cleaned up). Instead, "substantial evidence" only requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

### C.  Substantial Evidence for Finding of English Ability

Plaintiff contends that the ALJ's determination that she could communicate in English (without providing further explanation) was reversible error. Pl. Br. at 5 (citing AR at 27). Plaintiff points to various evidence of her inability to communicate in English, including: (1) a disability report, (2) the fact that Plaintiff's lawyers completed her application on her behalf, (3) the use of a Bengali interpreter at the ALJ's hearing, (4) the "Disability Determination Explanation" prepared at the initial application and reconsideration levels, and (5) a case analysis completed in 2014. *Id.* at 5-6.

While the evidence cited by Plaintiff could support a finding that she does not speak English, the standard of review requires the Court to ask whether the ALJ's finding was supported by substantial evidence, not whether there is opposing substantial evidence. *See Johnson v. Comm'r of Soc. Sec.*, 497 F. App'x 199, 201 (3d Cir. 2012) ("[W]e will uphold the ALJ's decision even if there is contrary evidence that would justify the opposite conclusion, as long as the 'substantial evidence' standard is satisfied.").

Here, there is substantial evidence that Plaintiff was able to communicate in English. Most significantly, Plaintiff testified as such. At the hearing, the ALJ said: "And I can tell because you're answering some of my questions that you do understand and speak a little bit of English. Are you able to read and write English?" AR at 40. Plaintiff responded: "Yes, I do." AR at 41. Further, earlier in the hearing, despite the presence of a translator, when the ALJ told Plaintiff "the issue before me is whether you are disabled," Plaintiff herself responded "Yes, I am." AR at 38. Plaintiff responded to many more questions in English too. *See* AR at 41-43.

2

While other evidence may support a contrary conclusion, there is undeniably "substantial evidence" that Plaintiff could communicate in English. *See Chandler*, 667 F.3d at 359 (requiring "relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). Given the standard of review, the Court will not reverse the ALJ's decision to credit Plaintiff's own testimony over descriptions of Plaintiff's language abilities in various reports. *See id.*

### D. Jobs Available Given Plaintiff's Ability

Relatedly, Plaintiff argues the ALJ erred because he failed to account for (1) her *difficulty* speaking and understanding English and (2) the vocational expert's ("VE") testimony that he could not "come up with any jobs that should be appropriate" in response to a hypothetical question posed by the ALJ. AR at 58; Pl. Br. at 7; Pl. Reply at 2-3, ECF No. 17.

#### 1. *Some Difficulty Speaking and Understanding English Completely*

As to difficulty speaking English, in posing hypothetical questions to the VE, the ALJ noted "[w]e've seen from the hearing that she does have some difficulty speaking and understanding English completely without assistance." AR at 58. Plaintiff argues that "the ALJ failed to acknowledge the fact that [Plaintiff's] limited ability to communicate in English would impact her ability to work[, which is] a reversible and harmful error of law." Pl. Br. at 7.

One stray remark, in the context of hypothetical questions, does not render the ALJ's ultimate conclusion that Plaintiff could "communicate in English" erroneous. Therefore, the ALJ did not err in failing to explicitly analyze a limited language ability in his decision. In concluding Plaintiff could communicate in English, the ALJ cited 20 C.F.R. § 404.1564. That provision explains that:

> Because English is the dominant language of the country, it may be difficult for someone who doesn't speak and understand English to do a job, regardless of the amount of education the person may have in another language. Therefore, we consider a person's ability to communicate in English when we evaluate what work, if any, he or she can do.

20 C.F.R. § 404.1564(b)(5). As to ability to read and write, the provision states "[w]e consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists." *Id.* Therefore, implicit in the ALJ's conclusion was that Plaintiff could communicate in English sufficiently to perform a basic job, including reading and writing simple messages. *See id.* As noted above, that conclusion is supported by substantial evidence. *See supra* Part II.C. An off-the-cuff remark that Plaintiff had *some* difficulty understanding English *completely without assistance* does not render the ALJ's decision erroneous, particularly where the statement was made during a hearing in which Plaintiff herself testified that she could communicate in English. *See* AR at 58. The ALJ was free to conclude—as he did—that any language difficulties would not hamper her ability to perform basic work. *See* AR at 27.

#### 2. *Vocational Expert Testimony Regarding Available Jobs*

At the hearing, in response to a hypothetical question, the VE testified:

> Your Honor, I have some—in looking at the unskilled, sedentary occupational base, with the requirement that would be the educational requirement or the

3

reading and writing requirements I believe that you're looking at for other positions not in a production oriented setting . . . I don't believe I'd be able to come with any jobs that should be appropriate.

AR at 58. Plaintiff seems to argue that given the VE's testimony, the ALJ erred in concluding Plaintiff could still perform widely available jobs. Pl. Br. at 6-7; Reply at 2-3.

Plaintiff ignores the fact that the VE's testimony was in response to a series of hypothetical questions posed by the ALJ. AR at 55-59. The hypothetical at issue assumed Plaintiff's ability to communicate in English "would be limited." AR at 58. However, the ALJ ultimately concluded Plaintiff could communicate in English. AR at 27. Therefore, the hypothetical individual described in the ALJ's question does not match the ALJ's ultimate conclusion regarding Plaintiff's abilities. *See id.* Accordingly, the VE's testimony that he could not "come up with any jobs that would be appropriate" for the hypothetical individual does not mean the ALJ erred in finding Plaintiff could work. AR at 58. As set forth in the ALJ's decision, given Plaintiff's residual functional capacity and ability to communicate English, Plaintiff could work as a touch up screener, semi-conductor loader, or compact assembler. AR at 28. The ALJ's hypothetical question, and the VE's answer thereto, does not change that fact.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's appeal of Defendant's ruling that she is not disabled is **DENIED**. An appropriate Order follows.

Date: October 21, 2019

WILLIAM J. MARTINI, U.S.D.J.

4